ALBERT L. SILBERSTEIN, PLAINTIFF-APPELLANT, v. C. E. HENDRICKSON, DEFENDANT-APPELLEE.

Submitted March 22, 1923—Decided June 5, 1923.

Negotiable Instruments—"Holder by Negotiation" and Holder by Assignment—Instructions to Jury.

On plaintiff's appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Samuel H. Nelson* (*Harry Green,* of counsel).

For the appellee, *William L. Edwards.*

PER CURIAM.

The suit was on six promissory notes conceded to have been made by defendant to the order of "Republic Druggists' Syndicate," and of which plaintiff, according to the state of demand, claimed to be the holder in due course. How plaintiff obtained them does not appear; no endorsement was proved or pleaded.

At the trial plaintiff testified simply that he was the "owner and holder" of the notes, which were then offered in evidence, and plaintiff rested. Defendant also rested, and moved a nonsuit, which was denied. Plaintiff then moved a direction of a verdict, which was also denied, and this is the only regular specification of cause for reversal, the two others assigned being the verdict was against the uncontradicted evidence, and that it was against the great weight of evidence. As neither deals with any legal ruling of the trial court, neither is proper for consideration on this appeal. The court submitted the case to the jury under instructions which are not here challenged, and the jury found for the defendant.

While it is not necessary to decide the point, we think the trial court, on the case now before us, might properly have directed a verdict for the defendant or a nonsuit. The plaintiff did not claim at the trial, and does not claim here, that he was entitled to recover otherwise than as a holder in due course. Consequently, we are not concerned with the question of what his rights might be as a mere assignee of the notes sued on. The distinction between a holder by negotiation and a holder by assignment is pointed out in section 49 of the Negotiable Instruments act. *Comp. Stat., p.* 3740. By a reading of that section it will be seen that a mere transferee for value has the right to the endorsement of the

transferor; but, for the purpose of determining whether the transferee is a holder in due course, the negotiation of the paper takes effect as of the time when the endorsement is actually made. So, also, by section 30, negotiation of an instrument payable to order is by endorsement completed by delivery.

It follows that plaintiff, to succeed on the theory of the case propounded in his state of demand, and reiterated in his opening and pursued throughout the trial, was obliged to offer some proof that he had obtained the notes by negotiation; and, as there was no proof of this whatever, and no such inference would follow from his bald statement that he was the "holder" of the notes, there would have been no error in directing a verdict for defendant, and plaintiff certainly was not harmed by the court leaving to the jury the question whether plaintiff was a holder in due course.

The judgment will be affirmed.